IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLINTON D. COX, )
    Petitioner, ) Civil Action No. 13-52 Erie
)
v. )
) Chief District Judge Sean J. McLaughlin
WARDEN MEEKS, ) Magistrate Judge Susan Paradise Baxter
    Respondent. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.

## II. REPORT

Petitioner, Clinton D. Cox, is a federal inmate. He has filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF Nos. 5 & 6] in which challenges his judgment of sentence, which was imposed by the U.S. District Court for the District of Connecticut. He contends that newly discovered evidence supports his innocence, and he also raises claims of prosecutorial misconduct and ineffective assistance of counsel. He seeks an order from this Court that grants the writ and directs that he be released immediately.

### A. Relevant Statutory Background

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 &

1

2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

On rare occasions it is possible for federal prisoners to attack their convictions pursuant to § 2241, as opposed to § 2255. Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

The U.S. Court of Appeals for the Third Circuit has found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. In the Third Circuit, the seminal case

on the application of § 2255's "savings clause" is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated a § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil filed an application with the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied his request because he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] However, the court concluded that Dorsainvil had established the inadequacy of § 2255 so as to bring his claim in a § 2241 petition:

> Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87,

---

[1] Dorsainvil was barred from filing a second or successive § 2255 motion because he could not satisfy AEDPA's requirements for such a motion: *i.e.*, his application was not based on "newly discovered evidence," and the Supreme Court's decision in Bailey, which he was claiming decriminalized the conduct for which he had been convicted, did not constitute "a new rule of *constitutional law* . . . that was previously unavailable." Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

3

> (1979) (discussing <u>Davis</u> and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in <u>Davis</u> that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in <u>Bailey</u> as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in <u>Davis</u>, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

<u>Dorsainvil</u>, 119 F.3d at 250-51.

The Third Circuit Court of Appeals subsequently described the narrow holding of <u>Dorsainvil</u> as follows: § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of the relevant circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. <u>Trenkler v. Pugh</u>, 83 F.App'x 468, 470 (3d Cir. 2003). The second factor is sometimes described as the "actual innocence" factor. <u>See</u>, <u>e.g.</u>, <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001) ("To capture the idea that the incarceration of one whose conduct is not criminal inherently results in a complete miscarriage of justice, most circuits have included an actual

4

innocence component in their savings clause tests. See, e.g., ... Dorsainvil, 119 F.3d at 251[.]" (internal quotations and additional citations omitted)).

The Third Circuit Court repeatedly has held that "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). It has stressed that it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

### B. Relevant Background

In 2000, Petitioner and his brother were charged in the U.S. District Court for the District of Connecticut (hereinafter the "trial court") for violating multiple federal narcotics and firearm statutes. A jury subsequently convicted Petitioner of: 1) three counts of possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); 2) one count of conspiracy to engage in drug trafficking; and 3) three counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The trial court sentenced Petitioner to 360 months of imprisonment for drug trafficking and conspiracy, and 60 months of imprisonment for each of

the three firearm counts, terms to run consecutively, for a total of 540 months of imprisonment. It also imposed a ten-year term of supervised release. On March 9, 2003, the U.S. Court of Appeals for the Second Circuit affirmed Petitioner's judgment of sentence. Unites States v. Cox, 324 F.3d 77 (2d Cir. 2003); United States v. Cox, 59 F.App'x 437 (2d Cir. 2003).

On August 16, 2004, Petitioner filed with the trial court his first 28 U.S.C. § 2255 motion to vacate his sentence. He raised multiple ineffective assistance of counsel claims and an allegation that the trial court had improperly based his sentence on facts not found by the jury. The trial court denied the motion on July 20, 2006. United States v. Cox, No. 3:00-CR-0069, 2006 WL 2053469 (D.Conn. July 20, 2006).

On January 26, 2011, the trial court vacated Petitioner's § 924(c)(1)(A) convictions and resentenced him on his remaining drug convictions to a concurrent term of 360 months of imprisonment and 10 years of supervised release. The Second Circuit Court subsequently affirmed that judgment of sentence.

On October 13, 2011, while the appeal of his resentencing was still pending in the Second Circuit Court, Petitioner filed another § 2255 motion. In that motion, he raises the same grounds for relief that he now raises before this Court. [Resp's Ex. E, ECF No. 13-5 at 12-42]. That case has been fully briefed. The trial court has not yet issued a decision. [Resp's Ex. F, ECF No. 13-6 at Ex. F]. Petitioner filed mandamus petition with the Second Circuit Court in which it sought an order from it directing the trial court to rule on his motion. On January 14, 2013, the Second Circuit Court denied the mandamus petition. See docket for Cox v. United States, No. 3:11-cv-1568 (D.Conn.) (available on PACER).

On or around February 12, 2013, Petitioner filed with this Court a § 2241 petition. In the Answer [ECF No. 12], Respondent asserts that the petition must be dismissed for lack of subject matter

jurisdiction because Petitioner is challenging the judgment of sentence imposed upon him by the trial court, which he cannot do by way of § 2241 petition filed in the district in which he is confined. Petitioner counters in his Reply [ECF No. 14] that he is entitled to pursue his claims in a § 2241 action in this Court because he is "actually innocent" and because the trial court is taking too long to rule on his pending § 2255 motion.

### C. Discussion

Respondent is correct that this Court must dismiss the petition for lack of subject matter jurisdiction. Petitioner is challenging the validity of his judgment of sentence and, for the reasons explained above, he cannot do so in a petition for a writ of habeas corpus pursuant to § 2241.

Petitioner is litigating the same claims that he has raised in this proceeding in the § 2255 case pending before his trial court. There is no merit whatsoever to his contention that this Court may examine the validity of his judgment of sentence because he is dissatisfied with the amount of time that it is taking for the trial court to rule on his § 2255 motion. As explained above, a habeas corpus petition is not an additional, alternative or supplemental remedy to § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

The limited exception outlined in Dorsainvil does not apply to his case. It is not enough for Petitioner to allege that he is actually innocent of the crimes for which he was convicted. As set forth above, to establish that § 2255's remedy is inadequate or ineffective such that he could proceed with his claims in a § 2241 habeas action, he must show that: (1) at the time of conviction, settled law of the relevant circuit (here, the Second Circuit) or the Supreme Court established the legality of the conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is deemed not to be criminal; and (3) he cannot satisfy the

7

gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Trenkler, 83 F.App'x at 470. Petitioner does not satisfy those criteria.

In conclusion, this Court does not have subject matter jurisdiction and, therefore, the petition must be dismissed.

### D. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: July 16, 2013

cc: The Honorable Sean J. McLaughlin  
     Chief United States District Judge